United States District Court
District of Massachusetts

| | |
|---|---|
| Akim Sultaliev et al., Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>Leon Rodriguez, Director of the United States Citizenship and Immigration Services, et al.<br><br>Defendants. | Civil Action No. 16-12400-NMG |

**MEMORANDUM & ORDER**

**GORTON, J.**

This immigration case involves several conditional permanent residents ("plaintiffs") who filed Form I-751 petitions for permanent resident status. Plaintiffs, individually and on behalf of others similarly situated, allege that United States Citizenship and Immigration Services ("USCIS") officials (collectively, "defendants") unlawfully failed to process and decide their I-751 petitions within a reasonable time period.

Pending before the Court are defendants' motion to dismiss and plaintiffs' motion to amend their complaint. For the reasons that follow, defendants' motion will be allowed and plaintiffs' motion will be denied.

-1-

## I. Background

### A. Factual Background

Plaintiffs Akim Sultaliev, Kateryna Pshechenko, Iulia Rybalka, Kevin Clifton and Olga Tolchinsky are conditional permanent residents who reside in Massachusetts.

Pursuant to the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1186a(a)(1), a foreign national married to a United States citizen for less than two years can apply for status as a conditional lawful permanent resident.

In order to remove that conditional status (and become an unrestricted lawful permanent resident), the married foreign national must file an I-751 petition 90 days before the two-year anniversary of the granting of such conditional status. Both the foreign national and his or her spouse must also appear for interviews before an officer of the Department of Homeland Security.

Section 1186a(d)(3) of the INA provides that the personal interview must be conducted within 90 days of the date on which the I-751 petition is filed. That deadline, as well as the interview requirement itself, may be waived, however, at the discretion of the Secretary of Homeland Security.

Each plaintiff in this case has filed an I-751 petition with the Vermont Service Center but none of the plaintiffs has a

personal interview scheduled. In each instance, the application has been pending for more than 90 days.

**B. Procedural History**

In November, 2016, plaintiffs filed a two-count complaint alleging violations of agency regulations, 8 C.F.R. 216.4(B)(1), (Count I) and the Administrative Procedure Act, 5 U.S.C. § 701 et seq., (Count II).

Three months later, in February, 2017, defendants moved to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. After the motion to dismiss was fully briefed, plaintiffs moved to amend their complaint to add an additional plaintiff. This memorandum addresses those pending motions.

**II. Defendants' Motion to Dismiss**

**A. Legal Standards**

**1. Lack of Subject Matter Jurisdiction**

In opposing a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), the plaintiff bears the burden of establishing that the Court has jurisdiction. Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). If the defendant mounts a "sufficiency challenge", the court will assess the sufficiency of the plaintiff's jurisdictional allegations by construing the complaint liberally, treating all well-pled facts as true and drawing all reasonable inferences in

the plaintiff's favor. <u>Valentin</u> v. <u>Hospital Bella Vista</u>, 254 F.3d 358, 363 (1st Cir. 2001).

If, however, the defendant advances a "factual challenge" by controverting the accuracy, rather than the sufficiency, of the alleged jurisdictional facts, "the plaintiff's jurisdictional averments are entitled to no presumptive weight" and the court will consider the allegations by both parties and resolve the factual disputes. <u>Id.</u> The court has "broad authority" in conducting the inquiry and can, in its discretion, consider extrinsic evidence in determining its own jurisdiction. <u>Id.</u> at 363-64.

### 2. Failure to State a Claim

To survive a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must contain "sufficient factual matter" to state a claim for relief that is actionable as a matter of law and "plausible on its face." <u>Ashcroft</u> v. <u>Iqbal</u>, 556 U.S. 662, 667 (2009) (quoting <u>Bell Atl. Corp.</u> v. <u>Twombly</u>, 550 U.S. 544, 570 (2007)). A claim is facially plausible if, after accepting as true all non-conclusory factual allegations, the court can draw the reasonable inference that the defendant is liable for the misconduct alleged. <u>Ocasio-Hernandez</u> v. <u>Fortuno-Burset</u>, 640 F.3d 1, 12 (1st Cir. 2011). A court may not disregard properly pled factual allegations even if actual proof of those facts is

improbable. Id. Rather, the relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw. Id. at 13.

When rendering that determination, a court may not look beyond the facts alleged in the complaint, documents incorporated by reference therein and facts susceptible to judicial notice. Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011).

**B. Application**

**1. The Court's Jurisdiction**

**a. The Secretary's discretion**

First defendants contend that, pursuant to 8 U.S.C. § 1252(a)(2)(B)(ii), this Court lacks subject matter jurisdiction over plaintiffs' claims. Plaintiffs generally disagree, although they do not directly address that statutory provision.

Section 1252(a)(2)(B) of the INA provides that "no court shall have jurisdiction to review"

> any . . . decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security . . . .

8 U.S.C. § 1252(a)(2)(B)(ii). The "subchapter" referenced therein includes § 1186a which is at issue in this case. Alaka v. Att'y Gen. of the U.S., 456 F.3d 88, 97 n.17 (3d Cir. 2006).

-5-

Defendants direct the Court to 8 U.S.C. § 1186a(d)(3) which gives the Secretary of Homeland Security ("the Secretary") discretion to "waive the deadline for . . . an interview or the requirement for . . . an interview" when appropriate. Thus, according to defendants, because it is within the Secretary's discretion to waive the 90-day window, the Court lacks subject matter jurisdiction over the suit, pursuant to 8 U.S.C. § 1252(a)(2)(B)(ii).

The Court does not disagree with defendants that if the Secretary made such a determination the Court would not have jurisdiction over plaintiffs' claims, but here, the Secretary apparently has taken no action whatsoever on plaintiffs' applications. Such <u>inaction</u> is not within the Secretary's discretion. <u>Anjum</u> v. <u>Hansen</u>, No. 2:06-cv-00319, 2007 WL 983215, at *5 (S.D. Ohio Mar. 28, 2007). Moreover, as defendants concede in their reply to plaintiffs' opposition memorandum, they have a non-discretionary duty to adjudicate the petitions within a "reasonable time".

Therefore, the Court concludes that it has subject matter jurisdiction.

### b. Lack of standing

Second, defendants aver that the case should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) because plaintiffs lack standing. Here, the Court agrees with defendants.

To have standing, plaintiffs must allege an injury in fact that is "concrete and particularized". Reddy v. Foster, 845 F.3d 493, 500 (1st Cir. 2017) (quoting Susan B. Anthony List v. Driehaus, 134 S. Ct. 2334, 2341 (2014)).

Here, plaintiffs allege that, without valid permanent resident status,

> foreign nationals are often denied employment, student loans and other benefits, and refused permission to board the plane to return to the United States.

The individual plaintiffs do not, however, allege any facts suggesting that they have suffered any such harms. Their conclusory assertion that they have been "adversely affected or aggrieved" is insufficient to show a concrete and particularized injury necessary to establish standing. See Hochendoner v. Genzyme Corp., 823 F.3d 724, 731 (1st Cir. 2016) ("[T]he party asserting standing must not only allege injurious conduct attributable to the defendant but also must allege that he, himself, is among the persons injured by that conduct." (citing Lujan v. Defs. of Wildlife, 504 U.S. 555, 563 (1992))).

Although plaintiffs claim that an agency's failure to issue an immigration decision or to schedule an interview within 90 days is itself an injury, the United States Supreme Court has explained that a "bare procedural violation" will not satisfy the injury-in-fact requirement. Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1549 (2016). In the one case cited by plaintiffs in

support of its assertion, the court concluded that the plaintiffs had standing because the

> Government's failure to provide timely adjudication of their applications has exposed them and their families to serious, imminent threats to their life and well-being as a result of their service to the United States.

<u>Nine Iraqi Allies Under Serious Threat Because of Their Faithful Service to the United States</u> v. <u>Kerry</u>, 168 F. Supp. 3d 268, 281 (D.D.C. 2016).

Unlike the plaintiffs in <u>Nine Iraqi Allies</u> who alleged serious threats of harm, plaintiffs do not allege any specific harm that they have experienced or will experience. Therefore, they cannot establish standing. <u>See</u> <u>Spokeo</u>, 136 S. Ct. at 1549 ("[Plaintiff] cannot satisfy the demands of Article III by alleging a bare procedural violation.").

Accordingly, plaintiffs' claims will be dismissed for lack of standing.

### 2. Failure to State a Claim

Because the Court concludes that plaintiffs lack standing, it declines to consider whether plaintiffs have stated a claim upon which relief can be granted.

## III. **Plaintiffs' Motion to Amend Their Complaint**

### A. Legal Standard

The Court has broad discretion under Fed. R. Civ. P. 15(a)(2) to allow the plaintiff to amend his pleadings and

"should freely give leave when justice so requires." United States ex rel. Gagne v. City of Worcester, 565 F.3d 40, 48 (1st Cir. 2009). Courts may deny such leave to amend, however, if the amendment would be "futile." Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006).

**B.  Application**

Plaintiffs move to amend their complaint to add one individual plaintiff, Nataliya I. Moran. Ms. Moran's I-751 application has been pending for at least 16 months as of February, 2017.

Allowing leave to amend would be futile, however, because the proposed amended complaint does not provide any concrete factual allegations with respect to any harm that the individual plaintiffs, including Ms. Moran, has suffered. Therefore, plaintiffs' motion to amend will be denied. See Snyder v. Collura, 812 F.3d 46, 51-52 (1st Cir. 2016) (affirming denial of plaintiff's motion to amend his complaint because the proposed complaint "did not contain new facts").

**ORDER**

For the forgoing reasons,

1) defendants' motion to dismiss (Docket No. 8) is **ALLOWED** and

2) plaintiffs' motion to amend their complaint (Docket No. 15) is **DENIED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated July 10, 2017